In the Matter of the Petition of BERTHA LUCY HAVERLY, Petitioner, for Naturalization *

Supreme Court, Naturalization Term, Albany County, May 13, 1943.

*Bertha Lucy Haverly* in person, petitioner.

*Charles P. Muller, Assistant District Director, Immigration and Naturalization Service (Maurice Godin* and *Jerome Adderman* of counsel), for United States of America.

* See, also, *Petition of Lieberman,* 50 F. Supp. 121.— [REP.

BERGAN, J. While petitioner was a resident of New York in 1935 she went to Mexico on a vacation. She had no intention of living permanently in that country, and stayed there about three months. While there she divorced her husband on the ground of incompatibility. The husband was not a resident of Mexico and was not before the court there, but appeared by an attorney. The petitioner remarried in New Jersey later in 1935. Neither the courts in New Jersey nor those in New York recognize the validity of the Mexican judgment since the petitioner had not in fact become a resident of Mexico. The courts of Mexico likewise have held that such a divorce is invalid unless there is some intent of habitual residence. Therefore the second marriage in New Jersey is invalid to the extent that it precludes the petitioner from relying upon the citizenship of her second husband as a ground for her present application.

Despite what has been said in some of the cases, I do not think that the fact petitioner lives with her second husband constitutes immoral conduct within the intent of Congress (U. S. Code, tit. 8, §§ 707, 709). The relationship is not meretricious. It was entered into in good faith. Petitioner says she was advised by her lawyer that the Mexican divorce was valid. Upon this advice she remarried. The advice was erroneous, but this does not render the relationship immoral. It may and perhaps does technically violate the statute against adultery, which is a misdemeanor, but every violation of statute does not involve moral turpitude and the circumstances of the case exclude it.

Therefore the petition is dismissed upon the sole ground that petitioner cannot avail herself of the citizenship of her second husband as a ground for admission to citizenship, but must proceed by a petition based upon her personal status in the country as a ground for admission. The dismissal is without prejudice to such further petition as may be proper and permitted by statute.

Submit order.